FILED
United States Court of Appeals
Tenth Circuit

February 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL GLENN WINBUSH,

     Petitioner-Appellant,

v.

FAULK, actually named as Warden
Faulk, Warden of Sterling
Correctional Facility; JOHN W.
SUTHERS, The Attorney General of
the State of Colorado,

     Respondents-Appellees.

No. 12-1470
(D.C. No. 11-cv-03336-MSK-KMT)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

     After unsuccessfully appealing his conviction for sexual assault in state

court, Michael Winbush filed a motion seeking relief from his conviction under 28

U.S.C. § 2254. Adopting the magistrate judge's recommendation, the district

court denied Mr. Winbush's application for relief. In the same order, the district

court denied Mr. Winbush's request for a certificate of appealability ("COA"). He

now seeks to appeal that order.

---

    [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

To appeal the district court's order, Mr. Winbush must first obtain a COA. We may grant a COA only if Mr. Winbush makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do this, he must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because Mr. Winbush proceeds in this court *pro se*, we review his pleadings with special solicitude.

Bearing these standards in mind, we hold Mr. Winbush ineligible for a COA. Mr. Winbush first contends that the victim's testimony at trial — her single statement that her husband was in the courtroom to support her — violates his constitutional right to due process. To succeed, Mr. Winbush must show that the admission of this testimony "was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Williamson v. Ward*, 110 F.3d 1508, 1522 (10th Cir. 1997), overruled on other grounds by *Nguyen v. Reynolds*, 131 F.3d 1340 (10th Cir. 1997). And we may not afford relief unless the challenged testimony had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). As the magistrate judge observed, the prosecutor only asked one question about the husband's support for the victim. Mr. Winbush fails

to show how this single question "fatally infected the trial." And Mr. Winbush doesn't even attempt to show that this one-off remark had a "substantial and injurious effect" on the jury's verdict. *Cf. United States v. Lauder*, 409 F.3d 1254, 1261-62 (10th Cir. 2005) (one-off nature of comment suggests harmlessness).

Mr. Winbush separately contends that this testimony violates his Sixth Amendment Confrontation Clause rights. But, as the magistrate judge noted, Mr. Winbush failed to raise this contention in state court and accordingly failed to exhaust state remedies for this claim. *See* 28 U.S.C. § 2254(b)(1).

Because Mr. Winbush cannot show the district court's resolution of his § 2254 motion is debatable, his application for a COA is denied. We also deny Mr. Winbush's motion to proceed *in forma pauperis*. The the filing fee should be paid immediately.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge


-3-